UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DARWIN DIAZ DIMAS and ESTEBAN GARRIDO MORALES, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil No. 25-12665-LTS |
| ANTONE MONIZ et al., | ) ) ) | |
| Respondents. | ) ) | |

ORDER ON JOINT AMENDED PETITION
FOR WRIT OF HABEAS CORPUS (DOC. NO. 9)

October 6, 2025

SOROKIN, J.

Darwin Diaz Dimas and Esteban Garrido Morales, citizens of El Salvador and Guatemala, respectively, are presently in immigration detention. They have filed a joint petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking their release or an order requiring a bond hearing before an immigration judge ("IJ"). Doc. No. 9. The Court has already resolved the dispositive legal question here in a manner that favors these two petitioners. Thus, the joint petition is ALLOWED to the extent described herein as to Diaz Dimas and Garrido Morales.

Diaz Dimas arrived in the United States in 2018 without inspection or valid entry documents, and without encountering Customs and Border Patrol ("CBP"). Doc. No. 9 ¶ 4. He has no criminal convictions nor any pending charges. Id. His first encounter with immigration agents came when he was arrested by Immigration and Customs Enforcement ("ICE") officers on March 14, 2025. Id. ¶ 5. The arrest was pursuant to a warrant. Id. Diaz Dimas was detained and placed in traditional removal proceedings which remain pending. Id. ¶¶ 5–6.

Similarly, Garrido Morales arrived in the United States without inspection or valid entry documents, and without encountering CBP, though he arrived nearly two decades earlier before Diaz Dimas. Id. ¶ 10. Like Diaz Dimas, he has no criminal convictions. Id. Garrido Morales is married, with three children who are United States citizens. Id. He was arrested on a warrant by ICE officers on August 15, 2025, and placed in traditional removal proceedings. Id. ¶ 11. In those proceedings, which have not concluded, Garrido Morales has applied for relief from removal; he also has a pending application for a visa available to certain victims of serious crimes. Id. ¶¶ 11–12. Both petitioners are presently detained at the Plymouth County Correctional Facility. See id. ¶ 32.

The joint petition alleges that the ongoing detention of Diaz Dimas and Garrido Morales violates federal immigration statutes and the Fifth Amendment to the United States Constitution. Id. ¶¶ 37–56. The circumstances and claims alleged in the joint petition as to these two men echo a series of other cases the Court has recently decided. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21. Indeed, the respondents answered the joint petition by acknowledging that, as far as "ICE's statutory authority to detain" Diaz Dimas and Garrido Morales is concerned, "the principal factual and legal issues . . . substantially overlap with Garcia and Encarnacion [v. Moniz, No. 25-cv-12237-LTS, Doc. No. 16 (D. Mass. Sept. 5, 2025)]." Doc. No. 12 at 2.[1] Though they "respectfully disagree with the Court's prior decisions" and continue to "assert [these petitioners] are both lawfully detained" because they

---

[1] This action began with a petition filed only on behalf of Diaz Dimas. Doc. No. 1. The respondents have not challenged the filing of the joint petition to the extent it added Garrido Morales as a party, nor have they expressed any objection to the Court considering and resolving the claims of Diaz Dimas and Garrido Morales together. Compare Doc. No. 12 (addressing both petitioners in one response which suggests no material factual or legal difference exists that would warrant separate consideration), with Doc. No. 11 (seeking to sever third petitioner because of materially distinct factual and legal posture vis-à-vis the other two).

view both men as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), the respondents incorporate by reference their earlier legal arguments and invite the Court to resolve the joint petition as to Diaz Dimas and Garrido Morales without further argument. Doc. No. 12 at 2, 5–6. This approach is sensible.

The Court adheres to its prior reasoning, as described in the decisions the respondents identify and the cases cited therein. The respondents' view that Diaz Dimas and Garrido Morales are ineligible for release on bond has been rejected by various sessions of this Court and federal courts in other jurisdictions. See, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); see also Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, *1 (D. Mass. Aug. 19, 2025) (collecting cases rejecting the position); Sampiao v. Hyde, No. 25-cv-11981-JEK, 2025 WL 2607924, at *8 n.11 (D. Mass. Sept. 9, 2025) (considering and disagreeing with recent BIA decision adopting respondents' view). The Court remains convinced that the analysis of the relevant statutory language in the cited decisions is correct. Thus, for the reasons articulated in detail in Oliveira Gomes and Romero, the Court finds that Diaz Dimas and Garrido Morales are not subject to mandatory detention under § 1225(b). Their continuing detention without access to a bond hearing, then, violates their rights under the Fifth Amendment's Due Process Clause.[2]

Accordingly, it is hereby ORDERED that the joint petition (Doc. No. 9) is ALLOWED to the following extent: 1) the respondents shall provide Diaz Dimas and Garrido Morales with

---

[2] The respondents note that neither petitioner has requested a bond hearing in immigration court. Doc. No. 12 at 4. To the extent they intend by that observation to suggest this Court should refrain from acting absent such requests made to IJs, the Court finds exhaustion would be futile based on the BIA decision the respondents cite (the reasoning of which this Court rejects as legally incorrect, but which would bind any IJs to whom such a request were presented without an accompanying order from a federal court).

bond hearings under 8 U.S.C. § 1226(a) <u>within seven days of this Order</u>;[3] 2) the respondents shall not oppose or deny bond to Diaz Dimas or Garrido Morales on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and 3) the respondents shall not retaliate against Diaz Dimas or Garrido Morales in the context of the bond hearings or otherwise for their filing of this federal habeas petition.  The claims of the third petitioner, which have been severed by agreement of the parties, <u>see</u> Doc. Nos. 11, 13, remain under advisement pending a responsive pleading and will be resolved separately.

                 SO ORDERED.

                  /s/ Leo T. Sorokin
                 United States District Judge

---

[3] At each hearing, consistent with the statute and its implementing regulations, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. <u>See</u> <u>Oliveira Gomes</u>, 2025 WL 1869299, at *8.